# COFFIN REDINGTON COMPANY *v.* TURNER.

### TRADEMARKS; DECEPTIVE USE; EQUITY.

1. One cannot maintain a bill in equity for the protection of a trademark unless his own use of the mark has been honest and free from false and fraudulent representations touching the article sold under the mark; and it is the duty of the Patent Office to refuse registration to one whose use of the mark has been of such a character that a court of equity would, upon the foregoing principle, deny him protection.  (Following *Levy* v. *Uri*, 31 App. D. C. 441.)

2. Prior use by one of the parties in a trademark interference proceeding of the mark in question is not such a use as will entitle her to a cancelation of the registration of the mark by her adversary, and secure its registration for herself, where, although the mark itself is not deceptive, the statements on the labels on which it is used are deceptive.

3. Where the labels of one of the parties to a trademark interference which contains the mark in question, and which were used on face cream, stated that the article was purely vegetable and would remove freckles and wrinkles, but when examined as to the truth of such statements and her honesty in making them, she persistently refused to state whether the cream did not contain certain mineral ingredients and whether she had any ground for believing that the cream would remove freckles and wrinkles, her refusal to answer will justify a finding that the cream was not purely vegetable.

No. 1100.  Patent Appeals.  Submitted May 14, 1917.  Decided May 26, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents in a trademark interference proceeding.

*Reversed.*

The facts are stated in the opinion.

*Mr. Geo. W. Ramsey, Mr. Arne Hoishalt, Mr. George H. Strong,* and *Mr. W. A. Loftus* for the appellant.

*Mr. C. P. Griffin* and *Mr. E. C. Brown* for the appellee.

Mr. Justice STAFFORD, of the Supreme Court of the District of Columbia, who sat with the Court in the hearing and determination of the appeal in the place of Mr. Chief Justice SHEPARD, delivered the opinion of the Court:

One cannot maintain a bill in equity for the protection of a trademark unless his own use of the mark has been honest and free from false and fraudulent representations touching the article sold under the mark; and it is the duty of the Patent Office to refuse registration to one whose use of the mark has been of such a character that a court of equity would, upon the foregoing principle, deny him protection. Such was the ruling of this court in *Levy* v. *Uri,* 31 App. D. C. 441, where the authorities were cited and the ground of the decision fully explained.

The present case falls clearly within the principle, for the appellee's use of the tradename, even if it was prior to the use of the same by the appellant, was such a use as would have led a court of equity to refuse her protection. The article is a face cream. The appellee's labels stated that it was purely vegetable and would remove freckles and wrinkles. Yet, when examined as a witness touching the truth of these statements and her honesty in making them, she persistently refused to state whether the cream did not contain certain mineral ingredients and whether she had any ground for believing that the cream would remove freckles or wrinkles. Her testimony fairly shows that she made the statements concerning the removal of freckles and wrinkles without any regard to their truth, and merely because she considered the label in that form attractive; and her refusal to state whether the cream was in fact purely vegetable justifies, and in our opinion requires, the finding that it was not purely vegetable. *Memphis Keeley Institute* v. *Leslie E. Keeley Co.* 16 L.R.A.(N.S.) 921, 84 C. C. A. 112, 155 Fed. 964. As remarked by Robb, J., in *Levy* v. *Uri, supra:* "It was the purpose of the act to protect honest manufacturers and dealers, because in so doing the public would in turn be protected. It was not the purpose of the act to recog-

nize the right of any person, firm, or corporation to deceive the public by the use of a deceptive mark." In this case, it is true, the mark or name itself was not deceptive, but the accompanying statements were, and their deceptive character is enough to disentitle the appellee to claim priority upon the ground of such use.

The appellant's registration should have been allowed to stand, and the appellee's petition to be allowed registration on the ground of prior use should have been denied.          *Reversed.*